**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHEILA M. LUNDLEE,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-3330-18-0282-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　　Agency. | DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Giancarlo Facciponte, Esquire, Washington, D.C., for the appellant.

Chau Phan, Denver, Colorado, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, who was a 10-point preference-eligible veteran, applied for the position of GS-07 Veterans Service Representative under the vacancy announcement number 346-18-1-AM-10058041-OCA-BU. Initial Appeal File (IAF), Tab 4 at 10-11, Tab 7 at 18-25, 86-99. The vacancy announcement stated, in pertinent part, that applicants must meet one of the following qualification requirements: (A) 1 year of specialized experience equivalent to the GS-05 level, (B) 1 year of graduate-level education related to the competencies required to perform in the position or a bachelor's degree with superior academic achievement (S.A.A.),[2] or (C) a combination of such experience and education. IAF, Tab 7 at 20-21.

---

[2] S.A.A. is based on (1) a grade point average of 3.0 or higher out of a possible 4.0, (2) class standing in the upper third of the graduating class, or (3) election to membership in a national scholastic honor society. IAF, Tab 7 at 21; U.S. Office of Personnel Management General Schedule Qualification Policies, https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-policies/#url=General-Policies (last visited April 29, 2024).

The appellant's application included, among other things, a resume,[3] a letter of enrollment at American Public University (APU), which showed her class standing as a senior at the time of her application, an unofficial transcript from APU that indicated she had not yet been conferred a bachelor's degree, an invitation to join the APU chapter of an international honor society, and a completed application, including payment of dues, for admission into the honor society. *Id.* at 75-85. After reviewing the appellant's application, the agency deemed her ineligible for the position on the basis that she "[did] not meet the minimum education and/or experience requirements for this series/specialty/grade combination." IAF, Tab 1 at 8. On December 8, 2017, the agency informed the appellant of her nonselection.[4] *Id.*

The appellant made a query with the agency regarding her nonselection. IAF, Tab 7 at 49. In a December 15, 2017 email, the agency responded that the appellant was found ineligible due to the fact that she did not provide a transcript that confirmed degree conferral but that she had the option to upload a transcript and reapply because the vacancy announcement was still open. *Id.* On or around December 26, 2017, the appellant filed a VEOA complaint with the Department of Labor (DOL) alleging that, because the agency misapplied the Office of Personnel Management (OPM) S.A.A. criteria to her application and failed to provide her with the contact information for the Selective Placement Coordinator, her application was not considered under the guidelines of VEOA. IAF, Tab 1 at 5, 11-13. On January 5, 2018, the last day that the vacancy announcement was open, the appellant uploaded her transcript and other documents and essentially reapplied for the position. IAF, Tab 17 at 43-46. By letter dated February 21, 2018, DOL notified her that it had completed its investigation of her complaint

---

[3] In her resume, she stated that she was scheduled to obtain her degree in October 2017. IAF, Tab 7 at 79.

[4] The agency provided evidence that it selected a number of candidates, including preference-eligibles and veterans, from the certificate for the position at issue. IAF, Tab 7 at 37-46, Tab 17 at 22-24.

filed under 5 U.S.C. §§ 3330a, 3304(b), and 3304(f), determined her VEOA claim had merit, but was unable to resolve her complaint. IAF, Tab 1 at 14.

The appellant subsequently filed an appeal with the Board and did not request a hearing. IAF, Tab 1. The administrative judge issued an order on VEOA jurisdiction, apprising the appellant of her burden of proving Board jurisdiction over her appeal. IAF, Tab 3. After receiving responses from the parties on the jurisdictional issue and finding that the appellant made nonfrivolous allegations of Board jurisdiction over her claims under VEOA but had waived her right to a hearing, the administrative judge decided the merits of the appeal based on the written record. IAF, Tabs 11, 15. He notified the parties that he intended to close the record in the appeal but provided the parties with an opportunity to file additional evidence and argument for consideration. IAF, Tabs 11, 15.

After the record closed, the administrative judge issued an initial decision in which he denied the appellant's request for corrective action under VEOA. IAF, Tab 22, Initial Decision (ID). He found in pertinent part that the appellant failed to prove that the agency violated 5 U.S.C. § 3304(b) when it deemed her ineligible for the position. ID at 10-14. He further found that the appellant did not prove that the agency violated her right to compete under 5 U.S.C. § 3304(f)(1) because it considered her application and made a determination, after a thorough review, that she was ineligible for the position due to insufficient documentation. ID at 14-19.

The appellant filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

There are generally two types of VEOA claims: (1) the violation of a statute or regulation relating to veterans' preference under 5 U.S.C. § 3330a(a)(1)

(A), and (2) the denial of a right to compete under 5 U.S.C. § 3330a(a)(1)(B).[5] The appellant, who is a preference-eligible veteran, may raise a right to compete claim under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B). *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 9 (2016).

Neither party disputes the administrative judge's findings that the appellant exhausted her administrative remedies with DOL and made a nonfrivolous allegation that, in deeming her ineligible for the position, the agency violated 5 U.S.C. § 3304(b) and denied her the right to compete for the subject vacancy under U.S.C. § 3304(f)(1). ID at 7. The appellant does not challenge on review the administrative judge's finding that she failed to exhaust her remedy before DOL regarding her claim that the agency violated 5 U.S.C. § 3305(b) and/or 5 C.F.R. § 332.331(a) when it failed to add her name to the certificate of eligibles after she resubmitted her application.[6] ID at 12-14. Nor does she challenge the administrative judge's conclusion that she failed to make a nonfrivolous allegation that the agency violated a statute or regulation relating to veterans' preference by derogating from or misapplying OPM's General Schedule Qualification Policies or an agency checklist concerning vacancy documentation. ID at 7; IAF, Tab 11 at 6 n.4. Accordingly, we need not address these issues on review.

---

[5] In amending 5 U.S.C. § 3330a(a)(1), Congress extended to non-preference-eligible veterans the right to compete under 5 U.S.C. § 3304(f)(1) that was previously provided to preference-eligibles. *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 4 n.1 (2016); *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 14 (2006). The Board found that an interpretation of the statute that would preclude preference-eligibles from filing such complaints would lead to the absurd result of non-preference-eligible veterans having greater remedial rights under VEOA than preference-eligibles. *Walker*, 104 M.S.P.R. 96, ¶ 14.

[6] The agency advised DOL that the appellant did not reapply for the position prior to the January 5, 2018 deadline, IAF, Tab 7 at 16, but this statement is contradicted by the record, IAF, Tab 9 at 5-6; ID at 13. We need not resolve this discrepancy because of our finding that the appellant did not exhaust this claim before DOL.

To prevail on the merits of a veterans' preference claim, the appellant must prove by preponderant evidence[7] that (1) she is a preference-eligible within the meaning of VEOA, (2) the action(s) at issue took place on or after the October 31, 1998 enactment date of VEOA, and (3) the agency violated her rights under a statute or regulation relating to veterans' preference. *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008). To prevail on the merits of a right-to-compete claim, the appellant must prove by preponderant evidence that (1) she is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (2) the actions at issue took place on or after the December 10, 2004 enactment date of the Veterans' Benefits Improvement Act of 2004 (VBIA), and (3) the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010).

As the administrative judge noted, the appellant proved that she was a preference-eligible veteran under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B) and that the nonselection at issue took place in 2017, after the enactment of VEOA and the VBIA. ID at 5, 9; IAF, Tab at 1 at 8, Tab 7 at 86-90; *see* 5 U.S.C. § 2108(2)-(3) (defining a preference-eligible as a disabled veteran); 5 U.S.C. § 3304(f)(1) (defining a covered individual as a preference-eligible or a veteran who has been separated from the armed forces under honorable conditions after 3 years or more of active service). The following issues remain in dispute: (1) whether the appellant proved that the agency violated her rights under a statute or regulation relating to veterans' preference, and (2) whether she proved

---

[7] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

that the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce in violation of 5 U.S.C. § 3304(f)(1). For the reasons set forth below, we find that the appellant has failed to prove her claims under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B) by preponderant evidence.

We affirm the administrative judge's finding that the appellant failed to prove by preponderant evidence that the agency violated her veterans' preference rights under 5 U.S.C. § 3330a(a)(1)(A).

The appellant does not challenge, and we discern no error with, the administrative judge's finding that the appellant failed to prove that the agency violated 5 U.S.C. § 3304(b), which provides that an individual may be appointed in the competitive service only if she has passed an examination or is excepted from examination under section 3302. ID at 11-12. The administrative judge properly noted in the initial decision that 5 U.S.C. § 3304(b) is a statute relating to veterans' preference, and we discern no error with his conclusion that the appellant failed to prove that the agency violated this statutory provision. ID at 11-13 (citing *Dean v. Department of Agriculture*, 99 M.S.P.R. 533, ¶¶ 17-19 (2005), *aff'd on recons.*, 104 M.S.P.R. 1 (2006)). Thus, we affirm the administrative judge's finding that the appellant failed to prove by preponderant evidence that the agency violated her veterans' preference rights under 5 U.S.C. § 3330a(a)(1)(A).

The appellant argues for the first time on review that the agency "pass[ed] [her] over in the selection process" without providing her the notice that she should have been afforded as a preference-eligible who has a compensable service-connected disability of 30% or more. PFR File, Tab 1 at 4. This allegation implicates the requirement in 5 U.S.C. § 3318(c)(2) that the appointing authority has to notify OPM and a preference-eligible who is a veteran with a 30% or more service-connected disability of a proposed pass-over on a certificate and an opportunity to respond. The Board will generally not consider an

argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made this showing.[8]

<u>We affirm the administrative judge's finding that the appellant failed to prove by preponderant evidence that the agency denied her a right to compete.</u>

The appellant asserts that the agency's Human Resources (HR) office did not consider her application "based on a lack of awareness of the provisions contained in [OPM's S.A.A.] policy." PFR File, Tab 1 at 4. She notes that "the only issue HR had with [her] application was the lack of a degree conferral,"[9] but the agency did not request "clarification of [her] application materials" even though she was in email and telephone contact with HR, and instead applied "more stringent requirements than OPM has published." *Id.* She concludes that the administrative judge did not properly apply 5 U.S.C. § 3304(f)(1), and disagrees with his finding that the agency allowed her an opportunity to compete for the vacancy at issue. *Id.*

---

[8] Even if we were to consider her claim, there is no evidence in the record that the appellant exhausted this claim before DOL. IAF, Tab 1 at 11-15. Although the Board uses a liberal pleading standard for allegations of veterans' preference violations in a VEOA appeal, *Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 6 (2009), evidence of the exhaustion requirement is mandatory under the statute and is not subject to the same liberal construction, 5 U.S.C. § 3330a(d). Because the appellant failed to exhaust her remedy before DOL as to this claim, the Board lacks jurisdiction over this claim.

[9] The record reflects that the HR Specialist who conducted qualification assessments for the subject vacancy stated that there were two issues with the appellant's application: (1) the documentation submitted did not show confirmed/accepted membership in a national scholastic honor society, and (2) the documentation submitted did not indicate an expected graduation date. IAF, Tab 18 at 14. We need not further discuss the appellant's eligibility based on her documents concerning membership in a national scholastic honor society because we find that the appellant did not prove that she was denied a right to compete based on the agency's failure to accept her self-certification of her graduation date.

Here, the administrative judge addressed the appellant's right to compete claim under 5 U.S.C. §§ 3304(f)(1) and 3330a(a)(1)(B).[10] ID at 10-11. Pursuant to 5 U.S.C. § 3304(f)(1),

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

The appellant was a preference-eligible veteran and the agency accepted applications from individuals outside its own workforce under merit promotion procedures. IAF, Tab 7 at 17-25. Thus, it was required to provide the appellant the right to compete under 5 U.S.C. § 3304(f)(1). *See Montgomery*, 123 M.S.P.R. 216, ¶ 7 (clarifying that the right to compete is not limited merely to situations in which an agency elects to use merit promotion procedures, but rather is triggered when an agency accepts applications from individuals outside its own workforce); 5 C.F.R. § 330.102 (describing that an agency has the discretion to fill a vacant position by any authorized method).

After fully considering the record, the administrative judge properly found that the appellant was allowed to compete for the Veterans Service Representative position, in that she applied for the position and the agency thoroughly considered her application but ultimately determined that she was ineligible for the position due to her failure to meet the specialized experience and/or S.A.A. proxy parameters, as required in the vacancy announcement. ID at 19. In making this finding, the administrative judge relied, in part, on the declaration made under

---

[10] The administrative judge noted that he was not aware of an independent ground for corrective action regarding a violation of 5 U.S.C. § 3304(f)(1) beyond a right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(B), and declined to address an independent claim of a violation of 5 U.S.C. § 3304(f)(1) as a statute relating to veterans' preference. ID at 10-11. Although the administrative judge's statement was in error, *see Montgomery*, 123 M.S.P.R. 216, ¶ 5 & n.2, it is not a prejudicial error because the outcome of this appeal would be the same under 5 U.S.C. § 3330a(a)(1)(A) or (a)(1)(B).

penalty of perjury of the HR specialist who conducted qualification assessments for the subject vacancy.[11]  ID at 17-19; IAF, Tab 18 at 13-15.  In her declaration made under penalty of perjury, the HR Specialist attested that the appellant did not provide acceptable documentation at the time of her application that showed that she qualified for the position under OPM's S.A.A. provision.  IAF, Tab 18 at 14.  She noted, in particular, that the APU letter of enrollment and the APU unofficial transcript did not substantiate that the appellant was expected to graduate with her bachelor's degree within 9 months of her application.  *Id.*  In contrast, she stated that all the applicants who were found qualified for the position under OPM's S.A.A. provision provided proof of actual degree conferral. *Id.* at 15.

Ultimately, the issue before us is whether the appellant's self-certification of her anticipated date of graduation was sufficient under the S.A.A. provision, and if so, whether the agency's failure to accept her self-certification denied her the right to compete under 5 U.S.C. § 3304(f)(1).  OPM's General Schedule Qualification Policies define acceptable documentation, for the purposes of meeting minimum qualification requirements, as "[a]n official transcript; statement from the institution's registrar, dean, or other appropriate official; or equivalent documentation."  IAF, Tab 7 at 100.  In using the term "equivalent documentation," the S.A.A. provision gives the agency discretion in determining what other documentation is acceptable to show that an applicant is expected to complete all the requirements for a bachelor's degree within 9 months of the

---

[11] The appellant alleges that the administrative judge improperly accorded weight to the agency's "post hoc" evidence without an analysis of the contradictions in the agency's arguments.  PFR File, Tab 1 at 4.  She does not identify the evidence that she considers "post hoc" or the contradictions to which she is referring.  *Id.*  Based on our review of the record, we believe that the evidence in question is the HR Specialist's declaration. IAF, Tab 18 at 13-15, Tab 19 at 4-5.  In the initial decision, the administrative judge rejected the appellant's similar claim that the declaration was a de facto surprise, ID at 17 & n.9, considered the purported contradictions therein, and decided to accord weight to the assertions made in the HR Specialist's declaration, ID at 16-19.  We discern no reason to disturb his findings.

submitted application. The administrative judge considered the appellant's argument that the agency improperly failed to honor her equivalent documentation in the form of self-certification, and observed that the agency's documentary requirements could be perceived as stringent, but determined that the agency was not required to accept the appellant's self-certification under OPM's S.A.A. provision, nor was required to accept applications from non-graduates seeking to avail themselves of this provision. ID at 16-19. The administrative judge further found that the agency's handling of her application appeared consistent with the terms of the OPM's S.A.A. provision and its assessment of the other applications for the position at issue. ID at 19. He noted that VEOA does not empower the Board to supplant the agency's criteria with its own. *Id.* (citing *Jones v. Department of Veterans Affairs*, 629 F. App'x 956, 960 (Fed. Cir. 2015)). We discern no basis to disturb the administrative judge's findings in this regard.

Because the record reflects that the agency considered the appellant's application, we find that she was given an opportunity to compete for the position at issue. The right to compete under § 3304(f)(1) does not preclude an agency from eliminating a preference-eligible veteran, such as the appellant, from further consideration for a position based on her qualifications for the position. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010). No authority requires that a preference-eligible or a veteran be considered at every stage of the selection process. *Id.*

The appellant's arguments on review constitute mere disagreement with the administrative judge's reasoned findings that are supported by the record and entitled to deference. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). Thus, we find that the appellant failed to

prove that the agency denied her the right to compete, and we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[12]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.